IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED BROTHERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-08-255-D |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's Motion to Dismiss, Original Answer and Demand for Jury Trial [Doc. No. 6]. The Motion requests dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has timely responded in opposition to the Motion. Upon consideration, the Court finds that the Motion fails to comply with the Local Civil Rules and lacks merit.

Rule LCvR7.1(c) requires a motion to be filed as a separate document. Defendant combined a motion and a responsive pleading and, in electronically filing the document, designated the document as a pleading. This error caused a delay in disposition of the Motion. Also, neither party acknowledges the abrogation of *Conley v. Gibson*, 355 U.S. 41 (1957), which previously established the Rule 12(b)(6) standard. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

**Standard of Decision**

Dismissal under Rule 12(b)(6) is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic*, 127 S. Ct. at 1974); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted).  The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

## Plaintiff's Claims

As pertinent to Defendant's Motion, the Complaint alleges that Plaintiff was injured on December 10, 2006, as a passenger in a motor vehicle driven by his wife, Reba Brotherton, which was involved in a collision negligently caused by John Johnson.  It further alleges that Mr. Johnson tendered the limits of liability coverage under his insurance policy to Plaintiff, which Defendant allowed him to accept by issuing a waiver of subrogation.  Defendant allegedly insured Plaintiff under a policy of uninsured/underinsured motorist (UM) coverage in the amount of $100,000.00, and Plaintiff claims "he is entitled to recovery of the policy limits thereof."  *See* Compl. [Doc. No. 1], ¶ 12.  Plaintiff seeks this recovery under a claim that Defendant breached the UM insurance contract.  He also claims Defendant failed to act reasonably and in good faith in the investigation, evaluation, and payment of his UM claim, for which he seeks recovery in tort.

## Defendant's Motion

The sole basis of Defendant's Motion is that the Complaint fails to state a claim for relief because it contains no allegation that Plaintiff has performed all conditions precedent to recovery under the insurance contract.  Defendant argues that Fed. R. Civ. P. 9(c) permits a general averment that all conditions precedent have been satisfied but, absent any such averment, Plaintiff has failed

to state a claim for relief under the contract. In response, Plaintiff contends his allegations that he was insured under the UM policy and suffered a covered loss are sufficient.

## Analysis

Although federal procedural rules determine the sufficiency of Plaintiff's pleading, the essential elements of Plaintiff's substantive claims in this diversity action are determined by state law. *See Weatherhead v. Globe Intern'l, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The Complaint alleges that this action is brought in accordance with applicable Oklahoma statutes. Thus, the Court assumes for purposes of ruling on Defendant's Motion that the laws of the State of Oklahoma apply.

Defendant presents no authority for the proposition that state law requires Plaintiff to prove he has performed all conditions precedent to payment under the UM policy in order to recover benefits allegedly due. Research reveals no such requirement. In Oklahoma, UM coverage is governed by statute, Okla. Stat. tit. 36, § 3636, and decisional law. According to the Oklahoma Supreme Court:

> Our decisional law teaches that § 3636 mandates UM coverage where: 1) the injured person is an insured under the UM provisions of a policy; 2) the injury to the insured has been caused by an accident; 3) the injury to the insured has arisen out of the "ownership, maintenance or use" of a motor vehicle; and 4) the injured insured is "legally entitled to recover damages from the owner or operator of the uninsured motor vehicle." These four elements of an UM claim are determined from the facts and circumstances of each claim.

*Ply v. National Union Fire Ins. Co.*, 81 P.3d 643, 647 (Okla. 2003). Here, Plaintiff alleges facts to support all of these four elements of his UM contractual claim. Therefore, the Court finds the Complaint is sufficient to state a claim upon which relief can be granted.

**Conclusion**

For the reasons that Defendant's Motion is procedurally and substantively deficient, the Court finds that dismissal of the Complaint is not warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [within Doc. No. 6] is DENIED.

IT SO ORDERED this 3rd day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE