IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED BROTHERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-08-255-D |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Dismiss Count IIIA Without Prejudice [Doc. No. 27], seeking voluntarily to dismiss his breach of contract claim.  Defendant has timely responded in opposition to the Motion, and Plaintiff has replied.  Upon consideration, the Court finds that the Motion, as construed by this Order, should be granted.

By the First Amended Complaint, Plaintiff asserts contract and tort claims to recover insurance benefits under a policy of uninsured/underinsured motorist (UM) coverage and damages for Defendant's alleged failure to act reasonably and in good faith in the investigation, evaluation, and payment of the UM claim.  By the instant Motion, Plaintiff seeks to abandon his contract claim and proceed only in tort, explaining that Defendant has substantially paid his UM claim during the litigation and that Plaintiff has made a strategic decision to focus at trial on Defendant's allegedly tortious conduct in failing to evaluate and pay his claim sooner.  Defendant urges the Court to deny Plaintiff's request due to prejudice that Defendant would allegedly suffer if the request is granted. Defendant raises the spectre of inconsistent results, duplicative proceedings, and additional expense if Plaintiff should later initiate a separate contract action; Defendant alternatively requests the imposition of conditions on any dismissal without prejudice pursuant to Fed. R. Civ. P. 41.

Both parties argue in their briefs whether a voluntary dismissal should be permitted under Rule 41(a).  However, the Court finds Rule 41(a) to be inapplicable under the circumstances.

Although research reveals no controlling decision of the Tenth Circuit, the unanimous weight of authority from other circuits is that Rule 41(a) governs a dismissal of an action and not a withdrawal of individual claims against a defendant who remains in the case.  The Ninth Circuit recently explained the law in this area as follows:

> In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).  As we noted in *Ethridge*, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Id.* at 1392.  Instead, we agreed with two of our sister circuits that "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.'" *Id.* (quoting 5 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original) . . . .

*Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005) (footnote omitted); *see also Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979)*; Management Investors v. United Mine Workers*,  610 F.2d 384, 394-95 (6th Cir. 1979); *General Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir.1995);  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir.2004); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987).  Courts have found  no meaningful distinction between a unilateral dismissal under Rule 41(a)(1) and a dismissal with judicial consent under Rule 41(a)(2) in this context.  *See Hells Canyon*, 403 F.3d at 688.  In either situation, Rule 41 is inapplicable to the dismissal of less than all of a plaintiff's claims against a particular defendant.

In this case, Plaintiff seeks to abandon one theory of recovery and to pursue only a second, alternative theory.  He requests not a voluntary dismissal of an action but simply an amendment of his pleading to omit the breach of contract claim related to the UM insurance coverage at issue.  If Plaintiff proceeds to trial or judgment in this manner, any claim he could have asserted in this case

related to the same transaction or occurrence will be foreclosed under traditional rules of claim and issue preclusion. *See Petromanagement Corp. V. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335-36 (10th Cir. 1988) (discussing transactional approach to defining a "cause of action" for purposes of claim preclusion). Thus, Defendant's concerns about future litigation concerning Plaintiff's abandoned claim are unwarranted.

Examining Plaintiff's request to withdraw his breach of contract claim pursuant to principles applicable under Rule 15(a), the Court finds insufficient reason to deny an amendment of the First Amended Complaint. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (stating reasons that might justify denial of an amendment). There has been no undue delay or prejudice to Defendant, and no dilatory motive is apparent. Plaintiff made his request before any deadlines affecting Defendant had passed, that is, before Defendant filed its final lists of witnesses and exhibits and its dispositive motion. Notably, the motion for summary judgment filed by Defendant on April 6, 2009, does not address the contract claim. In short, the Court is unaware of any proper basis to refuse Plaintiff leave to amend.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Count IIIA Without Prejudice, treated as a motion for amendment of his pleading [Doc. No. 27] is GRANTED as stated herein.

IT SO ORDERED this 13th day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE